19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Vinton WILLIAMS, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 93-4032.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1994.
 
 1
 Before: NELSON and SILER, Circuit Judges, and HACKETT, District Judge.*
 
 ORDER
 
 2
 John Vinton Williams, a pro se Ohio prisoner, here appeals a district court judgment dismissing a habeas petition filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that he will not be filing a brief.
 
 
 3
 In 1986, a jury found Williams guilty of murder with a firearm specification. He received a sentence of fifteen years to life on the murder conviction, which sentence was to be consecutive to a three year sentence for the firearm specification. On appeal to the Ohio Court of Appeals, Mr. Williams, through his attorney, argued that: 1) the prosecution failed to comply with certain discovery requirements, thereby prejudicing his defense; 2) the prosecution engaged in misconduct that prejudiced the jury; 3) he was entitled to an instruction on the issue of self-defense; 4) the trial court erred in excluding evidence as to the decedent's reputation for violence; 5) the trial court abandoned its neutrality in questioning a prosecution witness; 6) the trial court erred in not giving an involuntary manslaughter instruction; and 7) the jury's verdict was not supported by the evidence. The Ohio Court of Appeals affirmed the conviction.
 
 
 4
 Proceding pro se, Mr. Williams then moved for reconsideration, contending that his counsel was ineffective and that the Court of Appeals violated his constitutional rights by failing to take corrective measures when it was aware that more than three years had elapsed without an appeal having been filed. The motion for reconsideration was denied, as was a motion for leave to appeal to the Ohio Supreme Court.
 
 
 5
 Mr. Williams then filed a motion for a delayed appeal from the denial of his pro se motion for reconsideration and moved for an extension of time to file a memorandum with the Ohio Supreme Court. The Supreme Court denied the request for the extension of time and subsequently dismissed the appeal for failure to prosecute.
 
 
 6
 Mr. Williams then filed his pro se habeas petition in federal district court, raising the seven issues that his attorney had presented to the Ohio appellate courts. He also raised two additional issues that had been presented in the pro se motion for reconsideration before the Ohio Court of Appeals. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as meritless.
 
 
 7
 In his appeal, which is timely, Mr. Williams raises the prosecutorial misconduct issue and, in addition, contends that the Ohio Court of Appeals used "evasive tactics" to prevent him from filing a timely appeal from the denial of his pro se motion for reconsideration.
 
 
 8
 Mr. Williams has not raised on appeal his claims concerning: 1) the prosecutor's failure to comply with discovery; 2) the trial court's failure to give the self-defense instruction; 3) the trial court's decision not to allow evidence of the decedent's violent character; 4) the trial court's role in questioning a prosecution witness; 5) the trial court's failure to give an involuntary manslaughter instruction; 6) the lack of evidence to support the jury's decision; 7) ineffective assistance of counsel; and 8) the Ohio Court of Appeals' failure to take corrective measures concerning his appeal. As these claims have not been raised on appeal, they are considered abandoned and are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Upon de novo review, we conclude that the district court properly dismissed Mr. Williams' habeas petition. Mr. Williams has not shown that he was denied any fundamental right. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 10
 Prosecutorial misconduct must be so egregious as to deny a petitioner a fundamentally fair trial before habeas corpus relief becomes available. Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974); Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986). The closing argument of the prosecutor here did not render the trial fundamentally unfair. In so deciding, we have considered the fact that the prosecutor suggested that Mr. Williams was "out to beat the system"; implied that an acquittal--for reason of insanity or otherwise--might permit the defendant to be placed "back on the street"; and cast doubt upon the veracity of an expert witness by suggesting that he could only be God if his testimony were taken as true. Furthermore, the Ohio Court of Appeals did not use "evasive tactics" to prevent Mr. Williams from appealing the denial of his motion for reconsideration.
 
 
 11
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation